**Willie SUMPTER, Plaintiff–Appellant,**

v.

**D. SKIFF, Counselor, Gouverneur Correctional Facility, Lucien J. Leclaire, Jr., Deputy Commissioner, Defendants–Appellees.**

**No. 07–0311–pr.**

United States Court of Appeals,
Second Circuit.

Jan. 15, 2008.

Willie Sumpter, pro se, Brooklyn, NY, for Plaintiff–Appellant.

Kate H. Nepveu, Assistant Solicitor General (Barbara D. Underwood, Nancy A. Spiegel), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Willie Sumpter, proceeding *pro se,* appeals from a November 28, 2006, 2006 WL 3453416, order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge* ) denying Sumpter's motion for injunctive relief. We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

"We review the grant or denial of a preliminary injunction by a district court for abuse of discretion." *Lusk v. Vill. of Cold Spring,* 475 F.3d 480, 484 (2d Cir. 2007) (citation omitted). An abuse of discretion ordinarily consists of applying an incorrect legal standard or relying on clearly erroneous findings of fact. *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir.2007).

At the time of Sumpter's motion, Federal Rule of Civil Procedure 65(d) stated, in relevant part, that injunctions and restraining orders are "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those in active concert or participation with them. . . ." Fed.R.Civ.P. 65(d)(2) (2007) [1]; *see also United States v.*

---

1. Effective December 1, 2007, stylistic changes were made to Rule 65(d) that are not

*Regan,* 858 F.2d 115, 120 (2d Cir.1988) ("[A] court generally may not issue an order against a nonparty.").

The district court did not exceed its allowable discretion in denying Sumpter's application for injunctive relief. The New York State Division of Parole (the "Division"), to which Sumpter's motion was directed, was not named as a defendant in the underlying action and does not fall within any of the exceptions listed in Rule 65(d). Thus, the district court did not have the authority to order injunctive relief against the Division. *See* Fed.R.Civ.P. 65(d); *Regan,* 858 F.2d at 120; *see also Doctor's Assocs., Inc. v. Reinert & Duree, P.C.,* 191 F.3d 297, 304 (2d Cir.1999) (fact that the nonparty appellants and the federal defendants shared the same interests and attorneys "created no special representational relationship" between them).

Accordingly, the order of the District Court is AFFIRMED. Plaintiff's motion to amend the caption is DENIED.

pertinent to this appeal. *See* Fed.R.Civ.P. 65(d).