11-243-pr
Southerland v. Garcia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand twelve.

PRESENT:

> JON O. NEWMAN,
> CHESTER J. STRAUB,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

SHAWN SOUTHERLAND, CAROL VICKERS*,*
> *Plaintiffs-Appellants,*

> v.                                                                         11-243-pr

DETECTIVE RICK GARCIA, NEW YORK CITY POLICE DEPARTMENT, *et al.*,
> *Defendants-Appellees.*

_____

FOR APPELLANTS:          Shawn Southerland, *pro se*, Rahway, New Jersey.

Carol Vickers, *pro se*, Brooklyn, New York.

FOR APPELLEES:          Fay Ng, Assistant Corporation Counsel, Max McCann, Of Counsel, Lisa A. Giunta, Law Graduate on the Brief, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court judgment is **AFFIRMED**.

Plaintiffs-Appellants Shawn Southerland and Carol Vickers, proceeding *pro se*, appeal from the December 21, 2010 grant of summary judgment to defendants by the United States District Court for the Eastern District of New York (Jack B. Weinstein, *J.*). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

A grant of summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed R. Civ. P. 56(a); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). This Court reviews an order granting summary judgment de novo. Miller, 321 F.3d at 300. We must view the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all inferences in favor of the nonmovant. See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999), citing Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). In sum, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

We first address Vickers's claims. Although Vickers did sign the Notice of Appeal, only Southerland signed the *pro se* appellate brief; Vickers neither signed his brief nor submitted her own. But Southerland, a non-lawyer, may not represent Vickers, nor may he himself raise her claims. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). Only after appellees argued that Vickers had abandoned her claims did Vickers file an affidavit adopting Southerland's brief. Assuming without deciding that Vickers's belated affidavit adopting the arguments in Southerland's brief is effective to preserve her appeal, we nevertheless reject her arguments, as the district court correctly awarded summary judgment to appellees on her Fourth Amendment claims.

Vickers gave her consent to all of the relevant searches.  While Vickers argues that she did not freely consent, we assess the consent on an objective basis.  Florida v. Jimeno, 500 U.S. 248, 250-51 (1991).  Under the totality of the circumstances, see Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973), including Vickers's age, the signed authorization she gave, the absence of any show of force, and her sound mental and emotional condition, a reasonable officer would have believed her consent was voluntary.  It is therefore not relevant whether, as Vickers asserts, she mistakenly believed, based on a discussion with a neighbor, that failure to consent could lead to loss of her employment with the City.  See United States v. Lopez-Rodriguez, 396 F.3d 956, 960 (8th Cir. 2005) (holding consent valid "[r]egardless of [one occupant's] unvoiced, subjective feelings about whether she could decline the officers' request to search the apartment" because "the evidence establishe[d] that the officers reasonably believed that [the occupants] voluntarily consented to the search of the apartment").  In any event, because a reasonable officer would have had no reason to doubt the validity of her consent, defendants are protected by qualified immunity.  See Saucier v. Katz, 533 U.S. 194, 202 (2001) ("If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate."), overruled in part on other grounds, Pearson v. Callahan, 555 U.S. 223 (2009).

Summary judgment was also proper on Southerland's claims.  First, Southerland's false arrest and imprisonment claim must fail because he was arrested pursuant to a facially valid warrant.  See Voyticky v. Village of Timberlake, 412 F.3d 669, 677 (6th Cir. 2005) ("An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983."); Brooks v. City of Aurora, 653 F.3d 478, 483 n.5 (7th Cir. 2011) (holding that a "facially valid warrant generally

3

shields an officer relying in good faith on the warrant from liability for false arrest" absent bad faith or reckless misconduct in obtaining the warrant); see also Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). Southerland points to no record evidence that the defendants knew that the murder had not been committed in the Bronx, as alleged in the complaint underlying the warrant; to the contrary, the discovery of the victim's body in the Bronx supported the finding of probable cause to believe the crime had been committed there.

Second, summary judgment is appropriate on Southerland's malicious prosecution claim because the proceedings have not terminated in Southerland's favor. Termination in the plaintiff's favor is a necessary element of the constitutional tort under § 1983. See Singer, 63 F.3d at 114 (malicious prosecution claim under § 1983 is equivalent to the state common law tort); Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004) (noting requirement of favorable termination under New York law). Although the murder charges against Southerland were dismissed in New York, the case was dismissed not because of doubts about Southerland's guilt, but because Southerland was charged with murder in New Jersey for substantially the same alleged conduct. Because the New York dismissal was a simple procedural measure to relocate the prosecution to New Jersey in light of investigators' eventual conclusion that the murder had actually occurred in New Jersey, the dismissal cannot be considered a favorable termination. See Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980) ("Proceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty." (internal citation omitted)); Restatement (Second) of Torts § 660(d) ("A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if .

4

. . new proceedings for the same offense have been properly instituted and have not been terminated in favor of the accused.").

Finally, summary judgment was proper on the remaining claims against the City. Plaintiffs have failed to allege, let alone present any evidence of, an official custom or policy such as is necessary to establish liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

We have considered all of the appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk