11-2474-cv
Parent v. New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN PARENT, individually and as natural parent of Child "A"
and Child "B," and on behalf of parents similarly situated,
AKA LEON R. KOZIOL,
> *Plaintiff-Appellant*,

-v.-                                                                                    No. 11-2474-cv

STATE OF NEW YORK, JONATHAN LIPPMAN, individually and as Chief Administrative Officer of the New York Unified Court System, UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK, JOHN W. GROW, individually and as State Court Judge, CHARLES C. MERRELL, individually and as Family Court Judge, GEORGE S. GETMAN, individually and as Support Magistrate, DAVID J. SWARTS, individually and as Commissioner of Motor Vehicles for the State of New York, BRIAN J. WING, individually and as Commissioner of the Office of Temporary and Disability Assistance for the State of New York, LUCILLE SOLDATO, individually and as Commissioner of the Oneida County Support Collection Unit, DARLENE CHUDYK, individually and as "Investigator" for Oneida County, JANE DOE, individually and as "Custodial Parent" for the State of New York, KEITH EISENHUT, WILLIAM KOSLOSKY, individually and as "Attorney for the Child" for the State of New York, MICHAEL DALEY, individually and as Acting Judge, JUSTICES OF THE APPELLATE DIVISION, FOURTH

DEPARTMENT, FIFTH JUDICIAL DISTRICT GRIEVANCE COMMITTEE, MARY GASPARINI, individually and as investigator/attorney for the Grievance Committee, SHERYL CRANKSHAW, individually and as investigator for the Grievance Committee, KATHLEEN SEBELIUS, Secretary of Health and Human Services for the United States, MARTHA WALSH HOOD, individually and as Acting State Court Judge, GREGORY HUETHER, individually and as Chief Counsel/Complainant for the Fifth Judicial District, JUSTICES OF THE APPELLATE DIVISION, THIRD DEPARTMENT, C. DUNCAN KERR, individually and as Deputy Tax Commissioner, COUNTY OF ONEIDA, TOWN OF NEW HARTFORD, KELLY HAWSE-KOZIOL, CHARLOTTE KIEHLE, and unknown enforcement agents of the state, County of Oneida and New Hartford Police, DONNA COSTELLO,

*Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Leon R. Koziol, *pro se*, Utica, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Laura Etlinger, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General, New York State Office of the Attorney General, Albany, NY, *for* Defendants-Appellees State of New York, Lippman, Unified Court System of the State of New York, Grow, Merrell, Getman, Swarts, Wing, Daley, Justices of the Appellate Division, Fourth Department, Fifth Judicial District Grievance Committee, Gasparini, Crankshaw, Walsh Hood, Huether, Justices of the Appellate Division, Third Department, Kerr, Kiehle, Costello. |
| | Bartle J. Gorman, Gorman, Waszkiewicz, Gorman & Schmitt, Utica, NY, *for* Defendants-Appellees Soldato, Chudyk, County of Oneida. |
| | Paul V. Mullin, Sugarman Law Firm LLP, Syracuse, NY, *for* Defendant-Appellee Town of New Hartford. |
| | Paul G. Ferrara, Costello, Cooney & Fearon, PLLC, Syracuse, NY, *for* Defendants-Appellees Eisenhut, Koslosky. |

---

[1]The Clerk of Court is respectfully directed to amend the official caption as shown above.

2

Paula Ryan Conan, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for* Defendant-Appellee Sebelius.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Leon Koziol,[1] a suspended attorney proceeding *pro se*, appeals the District Court's judgment granting several motions to dismiss and/or for summary judgment filed by the defendants-appellees, denying his cross-motion for summary judgment, and dismissing both the lead and member complaints filed in his consolidated 42 U.S.C. § 1983 action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011) (quoting *ECA & Local 134 IBEW Joint Pension Trust v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009)). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We note that, although this Court usually affords *pro se* litigants "special solicitude" by, *inter alia*, liberally construing their pleadings, *see, e.g.*, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), as a suspended attorney with over twenty years of experience litigating civil rights cases, Koziol is not entitled to such "special solicitude," *see id.* at 102.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. In so doing, we construe the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. *See id.* Where

---

[1]Koziol proceeded under the fictitious name "John Parent" in the lead case of the consolidated action from which the instant appeal arises. Consistent with the District Court's memorandum decision and the majority of the parties' filings in this Court, this opinion refers to the plaintiff-appellant by his real name. We further note that, contrary to what the caption suggests, this case is not a class action.

parties have filed cross-motions for summary judgment, "each party's motion is examined on its own merits, and all reasonable inferences are drawn against the party whose motion is under consideration." *Chandok v. Klessig*, 632 F.3d 803, 812 (2d Cir. 2011).

We are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990).

On appeal, Koziol argues, *inter alia*, that the District Court erred in: (1) dismissing, apparently on the basis of absolute judicial immunity, his claims for declaratory relief, which sought declarations regarding the alleged unconstitutionality of: (a) certain New York State child custody and child support laws; (b) the "processes" involved in state court divorce actions and related proceedings to determine child custody and support issues; and (c) the manner in which his state attorney disciplinary proceedings were conducted; (2) rejecting his arguments that certain judicial defendants were not entitled to judicial immunity because they purportedly acted in the absence of all jurisdiction; (3) failing to consider whether he had adequately pleaded a retaliation claim against a number of State tax compliance agents; and (4) dismissing a state law trespass claim against the Town of New Hartford based on his failure to comply with the municipal notice requirements set out in New York General Municipal Law § 50-i. We address each argument in turn.

First, we affirm the District Court's dismissal of Koziol's declaratory judgment claims because, under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the District Court is without jurisdiction over those claims. Under *Younger*, abstention is mandatory where: "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 (2000) (quoting *Philip Morris Inc. v. Blumenthal*, 123 F.3d 103, 105 (2d Cir. 1997) (internal quotation marks omitted)). Although the *Younger* doctrine was originally formulated in the context of criminal proceedings, it now applies with equal force to civil proceedings, including state administrative proceedings that are "judicial in nature." *See Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986) (state administrative proceedings); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982) (state bar attorney disciplinary hearings). The doctrine applies to claims for injunctive and declaratory relief. *See Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995).

All three *Younger* requirements are met in this case. First, the record reflects that state proceedings are ongoing both in Koziol's divorce action and in the state attorney disciplinary matter. Second, the resolution of domestic relations matters has been recognized as an important state interest, *see Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) ("'[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" (internal alteration and citation omitted)), as has a state's interest in regulating the conduct of attorneys admitted to its bar, *see Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432–34. Finally, despite Koziol's arguments to the contrary, he has not demonstrated

4

that the state courts are an inadequate forum for raising his constitutional claims. Indeed, it appears that Koziol has repeatedly raised his constitutional claims before the state courts, albeit without receiving any favorable decisions. However, simply because the state courts have not issued decisions in his favor does not render them "inadequate" for purposes of *Younger* abstention. *See Hansel*, 56 F.3d at 394 ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes."). Because we find that *Younger* abstention is appropriate, we express no opinion regarding the merits of Koziol's arguments in support of his constitutional claims, which constituted the bulk of his appellate brief.

Koziol claims that Justice Michael Daley of the New York Supreme Court and Family Court Judge Martha Walsh Hood were not entitled to judicial immunity because they were acting in the absence of jurisdiction when they presided over his divorce action. We hold this claim to be without merit, for substantially the reasons stated by the District Court in its memorandum decision. Additionally, a review of Koziol's pleadings reveals no error in the District Court's implicit determination that he had failed adequately to plead a retaliation cause of action against two State tax compliance agents, Charlotte Kiehle and Donna Costello, and State Deputy Tax Commissioner C. Duncan Kerr.

With respect to Koziol's notice-of-claim argument with regard to the District Court's dismissal of his state law trespass cause of action against the Town of New Hartford, our review of the record reveals that the District Court was incorrect in stating that Koziol failed to oppose New Hartford's notice-of-claim argument. Nonetheless, we conclude that dismissal of Koziol's state law trespass claim against New Hartford pursuant to New York General Municipal Law § 50-i was appropriate, inasmuch as the record reflects that neither Koziol's pleadings nor his motion papers establish that "at least thirty days have elapsed since the service of such notice," *see* N.Y. Gen. Mun. Law § 50-i(1)(b). Indeed, his notice of claim was dated October 29, 2010, and the relevant complaint was filed in the District Court on November 10, 2010).

Koziol also generally asserts that the District Court failed to consider the record in a light most favorable to him as a non-movant with respect to the defendants' motions. *See* Fed. R. Civ. P. 12(b)(6). After conducting an independent review of the record and the District Court's decision, we conclude that Koziol's argument is without merit.

We further conclude that Koziol has forfeited any other challenges to the District Court's decision. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citation omitted)).

5

### *CONCLUSION*

We have considered all of Koziol's arguments on appeal and conclude that they are without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk