**Brenda JUSTICE, Plaintiff,**

v.

**NY Officer Richard KUHNAPFEL and N.Y. Officer Greg Holme, Defendants.**

**No. 13–CV–659 (MKB).**

United States District Court, E.D. New York.

Nov. 5, 2013.

Brenda Justice, Astoria, NY, pro se.

### *MEMORANDUM & ORDER*

MARGO K. BRODIE, District Judge.

On February 1, 2013, *pro se* Plaintiff Brenda Justice filed this action against Defendant Richard Kuhnapfel, also naming her seven-year old son H.J. as a plaintiff. By order dated February 22, 2013, Plaintiff was advised that she could not bring claims on behalf of H.J. and the claims as to H.J. were dismissed without prejudice. The Court also granted Plaintiff 30–days leave to file an amended complaint naming as defendants the individuals responsible for the alleged denial of her constitutional rights. On March 22, 2013, Plaintiff filed an amended complaint adding "NY Officer Greg Holme,"[1] Judge M. Armstrong and Liz Beal as Defendants, alleging numerous claims including mali-

cious prosecution, false arrest, wrongful imprisonment, kidnapping, attempted murder, conspiracy to kidnap, endangering the life of a child, intentional infliction of emotional distress to H.J., and violation of H.J.'s Fourth, Fourteenth and Thirteenth Amendment rights. By Memorandum and Order dated April 22, 2013, the Court dismissed Plaintiff's claims against Judge Armstrong and Liz Beal without prejudice and gave Plaintiff leave to proceed solely as to the false arrest claim against Kuhnapfel and Holme. On July 2 and July 8, 2013, Plaintiff filed two motions seeking a preliminary injunction or temporary restraining order for "the immediate return" of H.J., (Docket Entry No. 24, Pl. First Mot. Prelim. Inj. 1), and to "stop the illegal adoption" of H.J., (Docket Entry No. 26, Pl. Second Mot. Prelim. Inj. 1). These motions were referred to Magistrate Judge Robert M. Levy. On September 19, 2013, Judge Levy issued a Report and Recommendation, (Docket Entry No. 43, "R & R"), recommending that the Court deny Plaintiff's motions for a preliminary injunction or temporary restraining order. On September 30, 2013, Plaintiff filed a letter with the Court, in which she restated the basis for her complaint against Defendants and attached documents purporting to establish the falsity of her arrest. (Docket Entry No. 44, Pl. Obj.) The Court construes this letter as an objection to Judge Levy's R & R. For the reasons set forth below, the Court adopts Judge Levy's R & R in its entirety. Plaintiff's motions for a preliminary injunction or temporary restraining order are denied.

### I. Discussion

#### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept,

---

1. Plaintiff has since informed the Court that      Holme is a United States Marshal.

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.; see also Larocco v. Jackson,* No. 10–CV–1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco,* 2010 WL 5068006, at *2.

### b. Magistrate Judge Levy's Report & Recommendation

Judge Levy found that Plaintiff did not have standing to seek injunctive relief against Holme and Kuhnapfel because neither Holme nor Kuhnapfel had the power to restore physical and legal custody of H.J. to Plaintiff, and thus the Court could not redress Plaintiff's injury, the third requirement of standing. (R & R 4–5.) In addition, Judge Levy found that Plaintiff could not establish a likelihood of success on the merits of the underlying claim of false arrest against Defendants, because Plaintiff was arrested pursuant to a facially valid arrest warrant, creating probable cause for the arrest, which is a "complete defense" to any claim of false arrest. (*Id.* at 5–6.) Judge Levy therefore recommended that Plaintiff's request for injunctive relief be denied. (*Id.* at 6.)

### c. Plaintiff's Objections to the Report and Recommendation

On September 30, 2013, within the fourteen day time period to file objections to Judge Levy's R & R, Plaintiff filed a letter with the Court asserting that H.J. was removed from her without a warrant during her false arrest by Defendants. (Docket Entry No. 44, Pl. Obj. 1.) Plaintiff seeks the return of H.J. (*Id.*) Plaintiff also attached a "criminal complaint by the city, state, and county of N.Y. that was not signed by a Judge and rejected by the criminal court," and a copy of the dismissal of charges against Plaintiff in the Criminal Court of the City of New York, dated November 14, 2012. (Pl. Obj. at 4–5, Unmarked Exhibits.) The Court treats this letter as a generalized objection to Judge Levy's finding that Plaintiff does not have standing to seek injunctive relief, and as a specific response to Judge Levy's finding that Plaintiff could not establish a likelihood of success on the merits of her false arrest claim. The Court will review Judge Levy's entire R & R under a *de novo* standard of review.

### d. Plaintiff's Request for Injunctive Relief

The Court has reviewed the record and the applicable law and agrees with Judge Levy that Plaintiff is not entitled to injunctive relief because, among other reasons, Plaintiff lacks standing and cannot establish a likelihood of success on the merits.

#### i. Plaintiff lacks standing to seek injunctive relief.

■ In order to seek injunctive relief, a plaintiff must show that she has "standing" to obtain that relief. In order to establish standing, a plaintiff must establish three things: (1) that she has suffered from an "injury in fact," (2) which was caused by the defendants' actions, and (3) which the court can likely "redress" or make right through a favorable decision. *See Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 404 (2d Cir.2011) ("[I]n order to seek injunctive relief, a plaintiff must show the three familiar elements of standing: injury in fact, causation, and redressability." (citing *Summers v. Earth Island Inst.,* 555 U.S. 488,

129 S.Ct. 1142, 173 L.Ed.2d 1 (2009))); *see also Hedges v. Obama,* 724 F.3d 170, 188 (2d Cir.2013) (To establish standing, a plaintiff must show: "(1) the plaintiff [has] suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) the injury [is] fairly traceable to the challenged action of the defendant, and (3) it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (internal quotation marks omitted) (citing, *inter alia, Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))).

Here, Plaintiff lacks standing to seek injunctive relief. Even if Plaintiff could meet the first two elements of standing—by showing that H.J.'s return to Michigan comprises an "injury in fact" to Plaintiff, and that this injury was "caused" by Defendants' actions in executing an arrest warrant for kidnapping / custodial interference—Plaintiff's alleged injury nonetheless cannot be "redressed" by this Court. Both the Court and Defendants lack the power to return H.J. to Plaintiff. The third requirement to establish standing is a showing that "the injury that a plaintiff alleges is likely to be redressed through the litigation." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.,* 554 U.S. 269, 287, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008). Rule 65 of the Federal Rules of Civil Procedure states that court orders granting injunctive relief only bind "(A) parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed.R.Civ.P. 65(d)(2). Thus, when a party requests injunctive relief that can only be provided by a third party who does not fall within the parameters of Rule 65(d)(2), the party's injury

cannot be redressed by a favorable court decision. *See Sumpter v. Skiff,* 260 Fed. Appx. 350, 351 (2d Cir.2008) (holding that the district court did not err in denying petitioner's motion for injunctive relief sought from a nonparty, the New York State Division of Parole, where the Division of Parole was not named as a defendant in petitioner's claim, and where they did not fall into any of the exceptions listed in Rule 65(d)).

In this case, Plaintiff seeks the return of H.J.—restoration of legal and physical custody—which cannot be provided by either of the Defendants. Nor does this Court have the power to order any person or entity that might have the ability to restore custody of H.J. to Plaintiff to do so. Plaintiff was arrested pursuant to an arrest warrant for the felony of kidnapping / custodial interference pursuant to Michigan Compiled Law § 750.350a(1), which arrest warrant was issued by the Nineteenth District Court, Third Judicial Circuit of the State of Michigan, and signed by a Michigan state court judge. (*See* Docket Entry No. 30, Letter from Def. dated July 25, 2013 at 3, unmarked exhibit, "Michigan arrest warrant.") H.J.'s custody status is the subject of a state court determination by a Michigan state court, and this Court lacks the power to change that determination. Under the "full faith and credit" laws of the United States, Federal courts must honor the determinations made by state courts. *See* 28 U.S.C. § 1738 (providing that judicial proceedings from any state court "shall have the same full faith and credit in every court within the United States"); *see also White v. White,* No. 12–CV–200, 2012 WL 3041660, at *14 (S.D.N.Y. July 20, 2012) ("Under federal law, all judicial proceedings of any court of any state within the United States "shall have the same full faith and credit in every court within the United States ...

as they have by law or usage in the courts of such State ... from which they are taken." (quoting 28 U.S.C. § 1738)), *report and recommendation adopted,* 2013 WL 1340145 (S.D.N.Y. Mar. 28, 2013). In addition, there is a longstanding tradition that matters of family relations, also called "domestic relations," must be adjudicated by state courts, not by federal courts. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (holding that "the domestic relations exception, as articulated by this Court since [1858], divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

Moreover, to the extent that the relief sought by Plaintiff requires a challenge to the custody determination already made by a Michigan state court, such a claim is barred by the *Rooker–Feldman* doctrine, which forbids a district court from acting as a court of appeal to a final determination made by a state court.[2] *See Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 85 (2d Cir.2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). In addressing an identical claim brought by Plaintiff in the Southern District of New York seeking the restoration of legal and physical custody of H.J., the Honorable Paul Oetken found that Plaintiff's request for injunctive relief mandating the return of H.J. is barred by the long-established principles that federal courts may not act as courts of appeal to

state court determinations, nor intervene in an ongoing state court proceeding. *See Justice v. City of New York,* No. 13–CV–3319 (S.D.N.Y. June 27, 2013) (unpublished opinion) (finding that "[i]f the custody proceedings are ongoing, *Younger* abstention is required.[3] If the custody hearing is complete and Plaintiff has lost custody of H.J., a collateral attack on that determination is barred by *Rooker–Feldman* as little more than a request that this Court 'review and reject[ ]' Michigan's judgment." (citing *Exxon Mobil,* 544 U.S. at 284, 125 S.Ct. 1517)); *see also Best v. A.C.S.,* No. 12–CV–07874, 2013 WL 1499381, at *3 (S.D.N.Y. Feb. 20, 2013) (finding that *Younger* abstention prevented federal court from issuing a preliminary injunction restoring custody to the plaintiff, when there was an ongoing state court proceeding determining the plaintiff's custody rights), *report and recommendation adopted sub nom. Best v. City of New York,* 2013 WL 1500444 (S.D.N.Y. Apr. 10, 2013).

Because the Court cannot order either of the Defendants or any other party to return H.J. to Plaintiff, Plaintiff's injury cannot be redressed by a favorable decision by this Court. Thus, Plaintiff lacks standing to seek injunctive relief in this case.

### ii. Plaintiff cannot show a likelihood of success on the merits.

█ Even if Plaintiff had standing to seek a preliminary injunction or temporary

---

**2.** The *Rooker–Feldman* doctrine is named after two Supreme Court decisions: *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

**3.** *Younger* abstention, named after the Supreme Court decision in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), refers to the requirement that federal courts may not intervene in an ongoing mat-

ter that is being decided by a state court. *See Parent v. New York,* 485 Fed.Appx. 500, 503 (2d Cir.2012), *cert. denied,* 568 U.S. ——, 133 S.Ct. 652, 184 L.Ed.2d 460 (2012) ("Under *Younger,* abstention is mandatory where: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." (citation and internal quotation marks omitted)).

restraining order, the Court concludes, consistent with Judge Levy's determination, that Plaintiff nevertheless would not be entitled to any injunctive relief because she cannot establish one of the necessary requirements in order to obtain injunctive relief from a court—a likelihood of success on the merits of her claims. (*See* R & R 5–6). In order to obtain a preliminary injunction, a plaintiff must be able to show the Court four things: "that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.,* 651 F.3d 218, 266 (2d Cir.2011) (internal quotation marks omitted) (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)), *aff'd,* 570 U.S. ——, 133 S.Ct. 2321, 186 L.Ed.2d 398 (2013). "A preliminary injunction is 'an extraordinary and drastic remedy which should not be routinely granted.'" *Int'l Bus. Machines Corp. v. Visentin,* No. 11–CV–399, 2011 WL 672025, at *6 (S.D.N.Y. Feb. 16, 2011) (quoting *Med. Soc'y of State of N.Y. v. Toia,* 560 F.2d 535, 538 (2d Cir.1977)), *aff'd,* 437 Fed.Appx. 53 (2d Cir. 2011). The same standards apply for obtaining a temporary restraining order. *Grandy v. BAC Home Loan Servicing, LP,* No. 10–CV–4278, 2010 WL 3842428, at *2 (E.D.N.Y. Sept. 28, 2010) (quoting *Local 1814, Int'l Longshoremen's Ass'n, AFL–CIO v. N.Y. Shipping Ass'n, Inc.,* 965 F.2d 1224, 1228 (2d Cir.1992)).

Plaintiff's underlying claim is for false arrest against Defendants Kuhnapfel and Holme. As Judge Levy notes, "the existence of probable cause is a complete defense" to a false arrest claim, and "when an arrest is made pursuant to a facially valid warrant, there is a presumption that it was made with probable cause." (R & R at 5 (citing *Garenani v. Cnty. of Clinton,* 552 F.Supp.2d 328, 333 (N.D.N.Y.2008))); *see also Southerland v. Garcia,* 483 Fed. Appx. 606, 608 (2d Cir.2012) (holding that an arresting officer cannot be held liable for false arrest when the arrest was made "pursuant to a facially valid warrant"). While Plaintiff claims that the Michigan arrest warrant was "fraudulent," and "based on a false claim," (Pl. First Mot. Prelim. Inj. at 1), the Michigan arrest warrant is facially valid—it was issued by the 19th District Court of the Third Judicial Circuit in Michigan and was signed by a judge, it contained Plaintiff's name, described the offense charged in the complaint, and commanded that the Plaintiff be brought before the court of the signing judge immediately. (*See* Michigan Arrest Warrant); *see also* Fed.R. Crim.P. 4 (an arrest warrant must "(A) contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty; (B) describe the offense charged in the complaint; (C) command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer; and (D) be signed by a judge.");[4] *cf. Fabrikant v.*

---

4. Both New York and Michigan state laws have the same requirements for an arrest warrant. *See* N.Y.Crim. Proc. Law § 120.10(2) ("A warrant of arrest must be subscribed by the issuing judge and must state or contain (a) the name of the issuing court, and (b) the date of issuance of the warrant, and (c) the name or title of an of-

fense charged in the underlying accusatory instrument, and (d) the name of the defendant to be arrested or, if such be unknown, any name or description by which he can be identified with reasonable certainty, and (e) the police officer or officers to whom the warrant is addressed, and (f) a direction that such officer arrest the defendant and bring him

*French,* 691 F.3d 193, 214 (2d Cir.2012) ("Ordinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable [under the Fourth Amendment] because such warrants may issue only upon a showing of probable cause." (citing *Walczyk v. Rio,* 496 F.3d 139, 155–56 (2d Cir.2007))).

▮▮▮ Plaintiff mistakenly believes that because the charges from the Criminal Court of New York were dismissed, she is likely to succeed on her false arrest claim. However, "[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983." *Ackerson v. City of White Plains,* 702 F.3d 15, 19 (2d Cir.2012) (internal quotation marks omitted) (citing *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996)). Thus, the fact that charges were dismissed *after* an arrest cannot overcome the "complete defense" of probable cause created by a facially valid arrest warrant. *See Sheikh v. City of New York, Police Dep't,* No. 03–CV–6326, 2008 WL 5146645, at *5 (E.D.N.Y. Dec. 5, 2008) ("Whether the suspect was later acquitted of the charges for which she was arrested is 'irrelevant to the validity of the arrest.'"(quoting *Michigan v. DeFillippo,* 443 U.S. 31, 36, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979))); *Ampratwum v. City of New York,* No. 11–CV–6111, 2013 WL 1935321, at *7 (S.D.N.Y. May 9, 2013) ("Whether a plaintiff was eventually acquitted of the charges against her is not relevant to the probable cause determination." (citing *Michigan,* 443 U.S. at 36, 99 S.Ct. 2627)); *Valez v. City of New*

York, No. 08–CV–3875, 2010 WL 1460703, at *3 (S.D.N.Y. Apr. 12, 2010) (same).

Thus, because Defendants relied on a facially valid warrant, they had probable cause to arrest Plaintiff, and Plaintiff is not likely to prevail on the merits of her false arrest claim. Because Plaintiff cannot establish a likelihood of success on the merits of her claim of false arrest against Defendants, a necessary element for injunctive relief, Plaintiff is not entitled to the "extraordinary" remedy of injunctive relief. *See Visentin,* 2011 WL 672025, at *6.

## II. Conclusion

Having considered Magistrate Judge Levy's R & R and the accompanying objections, the Court adopts the R & R in its entirety. The Plaintiff's motions for preliminary injunction or temporary restraining order are denied.

SO ORDERED:

## *REPORT AND RECOMMENDATION*

LEVY, United States Magistrate Judge.

On July 2, 2013 and July 8, 2013, plaintiff Brenda Justice ("plaintiff"), *pro se,* filed two motions seeking the issuance of a preliminary injunction or temporary restraining order. (Motion for Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, filed July 2, 2013 ("Pl.'s July 2 Mot."); Letter titled "Order to Show Cause for Preliminary Injunction, Temporary Restraining Order," filed July 8, 2013 ("Pl.'s July 8 Mot.").) By orders dated July 3, 2013 and

---

before the issuing court."); Mich. Comp. Laws Ann. § 764.1b (Arrest warrant "shall recite the substance of the accusation contained in the complaint.... [T]he warrant shall be directed to a peace officer; shall command the peace officer immediately to arrest the person accused and to take that person, without unnecessary delay, before a

magistrate of the judicial district in which the offense is charged to have been committed, to be dealt with according to law; and shall direct that the warrant, with a proper return noted on the warrant, be delivered to the magistrate before whom the arrested person is to be taken.").

July 8, 2013, the Honorable Margo K. Brodie, United States District Judge, referred plaintiff's motions to me for a Report and Recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motions be denied.

## BACKGROUND AND FACTS

Plaintiff filed this action on February 1, 2013, also naming her minor son H.J. as a plaintiff. (Complaint, filed Feb. 1, 2013.) On February 22, 2013, Judge Brodie granted plaintiff's motion for leave to proceed *in forma pauperis*, and directed plaintiff to file an amended complaint within thirty days.[1] (Memorandum and Order, dated Feb. 22, 2013.) On March 22, 2013, plaintiff filed an amended complaint, adding United States Marshal Greg Holme, Judge M. Armstrong, and Liz Beal as defendants.[2] (Amended Complaint, filed Mar. 22, 2013.) By order dated April 22, 2013, plaintiff's claims against Judge Armstrong and Liz Beal were dismissed, and plaintiff was allowed to proceed on her false arrest claim against Holme and New York City Police Department Detective Richard Kuhnapfel (collectively, "defendants"). (Memorandum and Order, dated Apr. 22, 2013.)

In plaintiff's motions, entitled "Order to show cause for preliminary injunction temporary restraining order," she requests that "the court ... contact the proper people to stop the illegal adoption of my son, who was wrongfully removed ... here in Brooklyn by Fed Marshalls [sic]." (Pl.'s July 8 Mot. at 1.) Plaintiff also seeks "the immediate return of [her] child" who she asserts was unlawfully removed from her custody by federal marshals on October 15, 2012, and who is currently in the state of Michigan. (Pl.'s July 2 Mot. at 1.) I will construe plaintiff's motions as a request that this court order that defendants restore legal and physical custody of plaintiff's son to her.

Defendant Kuhnapfel has responded to plaintiff's motions, urging that they be denied. (Response in Opposition to Motion for Preliminary Injunction by Richard Kuhnapfel, dated July 25, 2013 ("Def.'s Opp.").) He states that plaintiff's son was taken from plaintiff's custody when she was arrested in Brooklyn on October 15, 2012, pursuant to a valid warrant issued by the state of Michigan for the crime of parental kidnapping. (*Id.* at 1; Arrest Warrant for Brenda Dawn Justice, Count I: Kidnapping–Custodial Interference, dated Oct. 4, 2012, annexed as Ex. A to Defendants' Letter Requesting a Briefing Schedule, dated July 25, 2012.) He argues that plaintiff lacks standing to seek from defendants the return of her son as a remedy, that plaintiff's claim has already been adjudicated and dismissed with prej-

---

1. Plaintiff was advised that she could not bring claims on behalf of her son. (Memorandum and Order, dated Feb. 22, 2013, at 1 n. 1, 5 n. 2; Memorandum and Order, dated Apr. 22, 2013, at 1 n. 1.)

2. Plaintiff has filed at least six additional lawsuits relating to her arrest on October 15, 2012 and the removal of H.J. from her custody, in this district and in the Southern District of New York. *See Justice v. City of N.Y., et al.,* No. 13 CV 4016 (E.D.N.Y.) (dismissed as duplicative, by order dated Aug. 27, 2013); *Justice v. City of N.Y.,* No. 13 CV 3696 (E.D.N.Y.) (motion to stay granted, by order dated Aug.

26, 2013); *Justice v. N.Y. City, et al.,* No. 12 CV 8592 (S.D.N.Y.) (dismissed as duplicative, by order dated Mar. 1, 2013); *Justice v. N.Y. City, et al.,* No. 12 CV 4570 (S.D.N.Y.) (dismissed for failure to prosecute, by order dated May 3, 2013); *Justice v. City of N.Y., et al.,* No. 12 CV 8613 (S.D.N.Y.) (claims dismissed against all defendants except Bloom, Haro, and Kuhnapfel, and claims as to those defendants transferred to the Eastern District of New York, by order dated June 25, 2013); *Justice v. City of N.Y., et al.,* No. 13 CV 3319 (S.D.N.Y.) (dismissed *sua sponte* and with prejudice, by order dated June 27, 2013).

udice in a parallel suit,[3] that the custody of plaintiff's son is the subject of a Michigan state court proceeding in which defendants had no personal involvement, and that well-established principles of federal court abstention warrant denial of plaintiff's motion. (Def.'s Opp. at 2.)

## STANDARD OF REVIEW

"A preliminary injunction is an 'extraordinary remedy that should not be granted as a routine matter.'" *Phelan v. Sullivan*, No. 10 CV 0724, 2011 WL 2118696, at *1 (N.D.N.Y. May 24, 2011) (quoting *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir.1986)). In order to justify a preliminary injunction, a movant must establish: "1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor, and 3) that the public's interest weighs in favor of granting an injunction." *Jefferson v. Rose*, 869 F.Supp.2d 312, 316 (E.D.N.Y.2012) (citing *Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152, 156 (2d Cir.2010)). When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," in addition to demonstrating irreparable harm, the movant must make a "clear or substantial showing of a likelihood of success on the merits." *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996). "The same standards govern consideration of an application for a temporary restraining order." *Phelan*, 2011 WL 2118696, at *1 (citing *Local 1814 Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n Inc.*, 965 F.2d 1224, 1228 (2d Cir.1992)).

I have reviewed plaintiff's motion papers and considered her claims in the light most favorable to plaintiff, as a *pro se* litigant. *See Phelan*, 2011 WL 2118696, at *2. Based upon that review, I conclude that plaintiff has failed to establish the elements required for granting injunctive relief, and therefore respectfully recommend that her motions be denied.

## DISCUSSION

### A. *Standing*

"[A] plaintiff must demonstrate standing for each claim and form of relief sought." *Baur v. Veneman*, 352 F.3d 625, 642 n. 15 (2d Cir.2003). "[I]n order to seek injunctive relief, a plaintiff must show the three familiar elements of standing: injury in fact, causation, and redressability." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir.2011) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)). "When a preliminary injunction is sought, a plaintiff's burden to demonstrate standing 'will normally be no less than that required on a motion for summary judgment.'" *Id.* at 404 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 907 n. 8, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). To establish standing for a preliminary injunction, a plaintiff must "'set forth' by affidavit or other evidence 'specific facts,'" which will be taken to be true. *Id.* (quoting *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130). "Redressability is the "non-speculative likelihood that the injury can be remedied by the requested relief."" *Coal. of Watershed Towns v. U.S. E.P.A.*, 552 F.3d 216, 218 (2d Cir. 2008) (quoting *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106–07 (2d Cir.2008)). "[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a

---

**3.** *See* Order, *Justice v. City of N.Y., et al.*, No. 13 CV 3319, Docket Entry No. 6 (S.D.N.Y. June 27, 2013), annexed as Ex. 1 to Def.'s Opp.

favorable decision." *Id.* (quoting *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130).

▪ In this case, I agree that "it is implausible that . . . Kuhnapfel, or Holme . . . have the power to obtain H.J. from Michigan and transfer custody to Plaintiff." (Order, *Justice v. City of N.Y., et al.,* No. 13 CV 3319, Docket Entry No. 6 (S.D.N.Y. June 27, 2013), annexed as Ex. 1 to Def.'s Opp., at 5 n. 3.) Plaintiff's conclusory allegations regarding defendants' participation in her arrest and the removal of H.J. are insufficient to establish that it is "likely" that defendants, a police officer and a United States Marshal, can redress her injury or change a custody determination rendered by a state court in Michigan.[4] The court is aware of no independent information that would indicate that defendants have the ability to restore plaintiff's son to her custody, and I therefore conclude that plaintiff lacks standing to pursue the requested injunctive relief.

### B. *Injunctive Relief*

I also note that plaintiff has failed to submit any proof or evidence that meets the standard for injunctive relief. Plaintiff has submitted only her motions containing her request for injunctive relief. Plaintiff's conclusory allegations, standing alone, are not sufficient to entitle her to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F.Supp. 547, 561 (E.D.N.Y.1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F.Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

▪ Furthermore, plaintiff cannot establish a likelihood of success on the merits of her claim against defendants. The existence of probable cause is a complete defense to a § 1983 claim for false arrest, and "when an arrest is made pursuant to a facially valid warrant, there is a presumption that it was made with probable cause." *Garenani v. Cnty. of Clinton,* 552 F.Supp.2d 328, 333 (N.D.N.Y.2008). Defendants have submitted a copy of the warrant issued for plaintiff's arrest, and assert that plaintiff remains subject to arrest in Michigan. (Def.'s Opp. at 1.) Plaintiff has not proffered any specific evidence to contradict this assertion or otherwise establish that the warrant was invalid or procured by unlawful means, and the court is aware of none. Since plaintiff has failed to establish the elements required to obtain injunctive relief, her request should be denied.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motions for a preliminary injunction or temporary restraining order be denied.[5] Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Brodie and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

September 19, 2013

---

4. Except in limited circumstances, not relevant here, a court may not order injunctive relief as to non-parties to an action. *Phelan,* 2011 WL 2118696, at *1.

5. Since I have concluded that plaintiff's motions should be denied on these grounds, it is not necessary to address the additional arguments advanced by defendants in opposition to the motions.