15-3598
In re: Leon R. Koziol

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
     RAYMOND J. LOHIER, JR.,
       *Circuit Judges*,
     EDWARD R. KORMAN,
       *District Judge.*\*

------------------------------------------------------------------

In re: Leon R. Koziol,
       *Respondent.*

------------------------------------------------------------------

United States District Court for the
Northern District of New York,
       *Appellee,*

      v.           No. 15-3598

Leon R. Koziol,
       *Respondent-Appellant.*

------------------------------------------------------------------

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT: LEON R. KOZIOL, *pro se*, New Hartford, NY.

FOR APPELLEE: MATTHEW COLLETTE and JAYNIE LILLEY, United States Department of Justice, Civil Division, *for* Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Washington, DC.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Appellant Leon R. Koziol, proceeding pro se, appeals from the District Court's order enjoining him from filing pro se any pleading or other document in the United States District Court for the Northern District of New York without permission of the Chief Judge.

We review a district court's decision to impose sanctions for abuse of discretion. Wilson v. Citigroup, N.A., 702 F.3d 720, 723 (2d Cir. 2012). Where an order restricts a litigant's future access to courts, we consider the following factors:

(1) the litigant's history of litigation and in particular whether it

2

entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005)

(quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

Applying these factors, we conclude that the District Court did not abuse its discretion by issuing the challenged injunction. Koziol has brought four actions in the Northern District of New York stemming from his family court and disciplinary proceedings. All four actions have been dismissed. See Koziol v. King, No. 14-cv-946, 2015 WL 2453481 (N.D.N.Y. May 22, 2015), appeal dismissed, No. 15-2287 (2d Cir. Oct. 1, 2015); Koziol v. Peters, No. 12-cv-823, 2012 WL 4854589 (N.D.N.Y. Oct. 11, 2012); Parent v. New York, 786 F. Supp. 2d 516 (N.D.N.Y. 2011) (dismissing cases No. 09-cv-233 and No. 10-cv-1361), aff'd, 485 F. App'x 500 (2d Cir. 2012). Although Koziol claims that each of his cases involved materially different facts and legal theories, he has repeatedly relied on theories already rejected in his prior cases, named state court judges and related court

3

officials who are immune from suit, and raised meritless claims.

Given this history, Koziol cannot have a reasonable good faith expectation of prevailing on his claims. Moreover, as several judges have observed, Koziol has unnecessarily burdened the federal courts with disjointed submissions that are "often voluminous and difficult to comprehend."

The District Court reasonably concluded that other sanctions would be inadequate to deter Koziol. A prior award of attorney's fees did not deter him from filing a fourth meritless complaint. See Koziol v. Peters, No. 12-cv-823, 2012 WL 5986574, at *2–3 (N.D.N.Y. Nov. 29, 2012).

Finally, we note that the filing injunction is not unduly burdensome. Though stringent, its requirements are tailored to deter the type of duplicative and frivolous actions Koziol has already brought. Furthermore, the injunction is limited to pro se filings in the Northern District of New York, not other federal or state courts. See Iwachiw, 396 F.3d at 529.

We have considered Koziol's remaining arguments and conclude that they are without merit.   Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk