Langrock Sperry v. Citigroup

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Argued: December 11, 2012      Decided: December 26, 2012)

Docket No. 11-5085-cv

_____

ROBERT E. WILSON, III,

*Plaintiff*,

LANGROCK SPERRY & WOOL, LLP, and
LANKFORD & REED, PLLC,

*Appellants*,

—v.—

CITIGROUP, N.A., FKA CITIBANK, N.A., INTERNATIONAL
EQUITY INVESTMENTS, INC., CITIGROUP VENTURE
CAPITAL INTERNATIONAL BRAZIL, LLC,
CITIGROUP VENTURE CAPITAL INTERNATIONAL
BRAZIL, LP,

*Defendants-Appellees,*

DANIEL VALENTE DANTAS, OPPORTUNITY
EQUITY PARTNERS, LTD., OPPORTUNITY EQUITY
PARTNERS, L.P., OPPORTUNITY INVEST II, INC.,
OPPORTUNITY HARVEST II, INC.,

*Defendants*.

_____

————————

Appellants Langrock Sperry & Wool, LLP and Lankford & Reed, PLLC (collectively, "Langrock") appeal from the September 13, 2011 Order of the United States District Court for the Southern District of New York (Batts, *J*.), requiring Langrock to pay certain fees and costs incurred by Defendants-Appellees Citigroup, N.A., International Equity Investments, Inc., Citigroup Venture Capital International Brazil, LLC, and Citigroup Venture Capital International Brazil, LP (collectively, "Citigroup") in connection with this action, and from the October 19, 2011 Memorandum Endorsement denying Langrock's request for reconsideration and ordering that payment be made "promptly." Specifically, the district court ordered Langrock to pay $24,398.83 in attorneys' fees and costs to Citigroup as a sanction for filing opposition papers to Citigroup's motion to dismiss four days late, despite the fact that Langrock submitted a timely request for an extension of the filing deadline that the court later determined was supported by good cause. We hold that the district court abused its discretion by imposing a sanction of attorneys' fees without explicitly finding that Langrock acted in bad faith, and by sanctioning Langrock without affording the attorneys prior notice and an opportunity to be heard. Accordingly, the orders of the district court are **REVERSED**.

————————

Counsel for Appellant:      Peter F. Langrock, Devin McLaughlin, Langrock
              Sperry & Wool, LLP, Middlebury, VT, Terrence
              Reed, Lankford & Reed, PLLC, Alexandria, VA

Counsel for Defendant-Appellee:   Carmine D. Boccuzzi, David Y. Livshiz, Cleary
              Gottlieb Steen & Hamilton LLP, New York, NY

————————

PER CURIAM:

This case requires us to determine whether a district court abuses its discretion by ordering attorneys to pay their adversaries' legal fees and costs as a sanction for filing opposition papers four days late where the district court does not find that the attorneys acted in bad faith, and does not

provide the attorneys notice of the impending sanctions or an opportunity to be heard. We conclude that it does.[1]

## BACKGROUND

On March 21, 2011, plaintiff Robert E. Wilson III filed a complaint in the district court alleging that various defendants wrongfully denied him participation in the distribution of large profits from an investment strategy and portfolio in Brazilian companies. Wilson is a shareholder in defendant Opportunity Equity Partners LTD ("Opportunity") — an investment company incorporated in the Cayman Islands and principally doing business in Brazil. His complaint also names as defendants an officer of Opportunity, several entities affiliated with Opportunity (collectively, the "Opportunity Defendants"), as well Citigroup N.A. and several of its corporate affiliates (collectively, "Citigroup"). See Complaint, *Wilson v. Dantas*, No. 11 Civ. 1936 (S.D.N.Y. Mar. 21, 2011). Wilson is represented by attorneys from two law firms, Appellants Langrock Sperry & Wool, LLP and Lankford & Reed PLLC (collectively, "Langrock").

On June 24, 2011, Citigroup moved to dismiss the Complaint. Thereafter, Langrock contacted Citigroup's counsel, Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), in order to seek an extension of the July 11, 2011 deadline to file opposition papers to the motion. Cleary agreed. Accordingly, on July 7, 2011, Langrock filed electronically a "Stipulation and Order" signed by counsel for both parties, which purported to extend Langrock's deadline to file opposition papers until July 28, 2011 and give Cleary a corresponding extension of its deadline to file reply papers. The document did not contain any explanation of the need for the extensions, other than that both

---

[1] On December 12, 2012, we issued an order reversing the district court's sanctions order and directing return of the funds paid as sanctions. We issue this opinion to explain our reasoning.

parties consented to them. Later that day, the Clerk's Office of the Southern District of New York notified Langrock that its filing had been rejected because the local rules prohibit the filing of stipulations via the electronic case filing system ("ECF"). Accordingly, Langrock e-mailed the document to the Clerk's Office the next day, Friday, July 8, 2011. That same day, the district court denied the Stipulation and Order by simply writing "Denied" on the document and filing it.

The next business day, Monday, July 11, 2011 — *i.e.*, the day Wilson's opposition papers were due — Terrence Reed, an attorney at one of the Appellants, faxed a letter to the district court reiterating Langrock's request for an extension. Reed also provided the following reasons for the extension request:

> I am currently scheduled to commence a trial as lead trial counsel before Judge Koeltl on Monday July 18th wherein I represent the plaintiff Republic of Benin. My pretrial responsibilities include witness and exhibit preparation and related travel to New York for discussions with Benin's UN officials, responding to last minute requests to modify the pretrial order, and an as yet unscheduled pretrial conference. In addition, I am lead trial counsel for plaintiff in *Office of Strategic Services v. Sadeghian*, No. CA 1:11-cv-0185-CMH (E.D.Va.) wherein I have conducted, or will conduct eight depositions, including four party depositions, since June 30th, participated in a July 8th hearing from which an order issued compelling defendants to produce substantial additional discovery which must be completed by the July 15th discovery deadline except for the production of a supplemental expert report on the 20th based upon the new discovery, and must complete and exchange all trial exhibit and witness designations for a final pretrial conference on the 21st. I have had other professional obligations to other clients since the filing of defendants' brief on June 24th.
>
> Attorney Peter Langrock, plaintiff's co-counsel had a variety of court appearances in State and Federal Court in Vermont as well as depositions in New Hampshire the week of June 27 and from July 6th through July 14th. Mr. Langrock has been attending the Annual Meeting of the National Conference of Commissioners on Uniform State Laws in Colorado, in his capacity as a Commissioner for Vermont. Attorney Erin Heins, of Mr. Langrock's firm, was out of state from June 25 to July 4th.

App'x 22–23.

The district court did not immediately respond to Reed's letter. On July 15, 2011 — four days after its original filing deadline — Langrock filed its opposition to Citigroup's motion to dismiss, along with a motion for leave to file the untimely brief. Two months later, on September 13, 2011, the district court issued an Order granting Langrock's motion to file untimely opposition papers. In this Order, the court explained that it had denied the parties' initial request for an extension because the accompanying Stipulation and Order "did not show good cause for the Court to grant an extension." Nevertheless, the court concluded that "the scheduling conflicts described in the letter submitted [by Reed] on the actual [filing] deadline provide good cause for the grant of an extension." However, to cure "any prejudice caused by allowing Plaintiff to file an opposition out of time," the court also required "Counsel for Plaintiff to pay the Citibank Defendants' reasonable fees and costs incurred in preparing their Reply to Plaintiff's Opposition." Finally, the court ordered Citigroup to "file [its] reply, if any, within 14 days of the date of this order" and to "provide the Court and [Langrock] with an accounting of their reasonable fees and costs incurred in preparing the Reply, which [Langrock] will promptly pay."

Citigroup timely filed its reply brief on September 27, 2011, and, on October 7, 2011, submitted an accounting of $24,398.83 in fees and costs incurred in preparing that brief. On October 13, 2011, Langrock submitted a letter to the district court objecting to the type and magnitude of the sanction and requesting reconsideration of the sanctions order. App'x 36 (stating that it is "Plaintiff's position that a $24,398.83 sanction is excessive under the circumstances and is not warranted"). In response, on October 17, 2011, Citigroup submitted a letter demanding prompt payment of the claimed costs, which the district court "so ordered" on October 19, 2011. On October 21, 2011, Langrock paid the $24,398.83 in costs to Cleary.

On December 6, 2011, following the dismissal of the Complaint for lack of subject matter jurisdiction, Langrock filed a timely notice of appeal limited to the issue of the district court's imposition of sanctions.

**DISCUSSION**

We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion. *See United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991)). "Even under this deferential standard of review, however, this Court must be careful to ensure that any such decision to sanction a party or attorney is made with restraint and discretion." *Id.* (internal quotation marks and brackets omitted). "Thus, although the district court's award of sanctions is reviewed under an abuse-of-discretion standard," an award of sanctions that is made "without reference to any statute, rule, decision, or other authority . . . will rarely be upheld." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997) (citations omitted); *cf. Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint.").

As an initial matter, we conclude that Langrock did nothing to warrant a sanction. After Citigroup moved to dismiss, Langrock proposed a briefing schedule for that motion (to which Cleary had consented) and, before Langrock's original deadline for opposing that motion, stated good cause for the requested extensions. Langrock then filed its opposition brief before the deadline to which Cleary had consented. Langrock disobeyed no order of the district court and caused no prejudice to opposing counsel.

But even if there had been a valid reason to sanction Langrock, we would reverse for procedural reasons. On appeal, Langrock first contends that the district court abused its discretion

6

by imposing attorney's fees as a sanction without first finding that Langrock had acted in bad faith. We agree. Our case law is clear that a district court may not impose attorney's fees as a sanction without first making an explicit finding that the sanctioned party, whether a party or a party's counsel, acted in bad faith in engaging in the sanctionable conduct. *See Seltzer*, 227 F.3d at 41–42 (holding that "[w]hen a district court invokes its inherent power to impose attorney's fees . . . the district court must make an explicit finding of bad faith"); *Sakon*, 119 F.3d at 113 (reversing attorney's fee sanction against opposing counsel for failing to timely file an amended complaint because there was no finding that counsel had acted in bad faith); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–67 (1980) (holding that a court may impose attorney's fee sanction against opposing counsel for "abusive litigation practices" only in "narrowly defined circumstances," including where the court makes a finding that "counsel's conduct . . . constituted or was tantamount to bad faith"). Here, it is undisputed that the district court made no "explicit finding" that Langrock's untimely submission of its opposition papers to Citigroup's motion to dismiss was in bad faith. This was an abuse of discretion.[2]

Moreover, "[w]e have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of [the] lower courts." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (alterations in original) (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329,

---

[2] Citigroup contends that Langrock waived its entitlement to appellate review of this issue by not raising it below. Under this Circuit's waiver rules, however, a party is not deemed to have waived an argument unless it was afforded the "opportunity to make the point in the trial court in a timely manner." *Ehrenfeld v. Mahfouz*, 518 F.3d 102, 105 (2d Cir. 2008). Langrock was not afforded such an opportunity.

344 (2d Cir. 1986)) (internal quotation marks omitted).  Here, we discern no "clear evidence" in the record that Langrock's actions were "entirely without color" or were taken for any "improper purposes."  In particular, we note that Langrock's initial request for an extension was accompanied by a stipulation of Citigroup's counsel's consent thereto; that Langrock's second request for an extension was submitted prior to the expiration of the court's filing deadline for opposition papers; and that when the district court eventually considered Langrock's second timely request for an extension nearly two months later, the court concluded that the request was supported by good cause.  Under this sequence of events, we do not think it reasonable to infer that Langrock's submission of opposition papers four days late was "for reasons of harassment or delay or for other improper purposes."  *Id.*  Indeed, had the district court promptly acted upon Langrock's second extension request, Langrock's papers would not have been untimely.

Next, Langrock contends that the district court abused its discretion in imposing sanctions on Langrock without first giving it notice and an opportunity to be heard on the matter.

Again, we agree.  We have held that, under basic principles of due process:

> An attorney whom the court proposes to sanction must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges.

*Sakon*, 119 F.3d at 114 (internal quotation marks omitted).  There is no dispute that, prior to imposing sanctions, the district court afforded Langrock none of these due process protections.  This, as well, was an abuse of the district court's discretion.

8

For the foregoing reasons, we conclude that the district court abused its discretion in imposing the severe sanction of attorney's fees on Langrock without making an explicit finding that Langrock acted in bad faith or affording Langrock adequate notice and an opportunity to be heard on the matter. Accordingly, the orders of the district court are **REVERSED**.