12-4348-cv
Douglas v. Merck

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
　　　　　GUIDO CALABRESI,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
JAMES R. HOLLON,
　　　　<u>Plaintiff</u>,

GARY J. DOUGLAS,
　　　　<u>Appellant</u>,

　　　　-v.-　　　　　　　　　　　　　　　　12-4348-cv

MERCK & CO., INC.,
　　　　<u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT: 　　　　MICHAEL S. ROSS, Law Offices of Michael S. Ross, New York, New York.

**FOR APPELLEE:**                    PAUL F. STRAIN (<u>with</u> David J.
                                    Heubeck, Venable LLP, Baltimore,
                                    Maryland, Theodore V.H. Mayer,
                                    William J. Beausoleil, Hughes
                                    Hubbard & Reed LLP, New York,
                                    New York, John H. Beisner,
                                    Jessica D. Miller, Skadden Arps
                                    Slate Meagher & Flom LLP,
                                    Washington, D.C., <u>on the brief</u>),
                                    Venable LLP, Baltimore,
                                    Maryland.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED AND REMANDED**.

Gary J. Douglas appeals from the judgment of the United States District Court for the Southern District of New York (Keenan, <u>J.</u>), imposing sanctions on him for his conduct in delivering his closing argument during a trial in which the plaintiff alleged defective design of Fosamax, a drug manufactured by Merck & Co., Inc. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court described Douglas' closing argument as having been given "in an agitated tone, scuttling about the well of the courtroom, oddly gesturing, singing, and laughing." The court described his style as "aggressive and boisterous," even "manic." Counsel for Merck called it "vaudeville."

After an order to show cause and a hearing, the district court imposed sanctions on the ground that Douglas acted contrary to an earlier ruling that "punitive damages [were] out of the case," when Douglas "insidiously sought to inject [the issue of punitive damages] into the trial during his summation." The court concluded that Douglas' intent could be inferred from his remarks, which included urging the jury to "say something to Merck," and describing Merck's conduct as "reprehensible" and "disgusting."

A district court has inherent power to impose sanctions if: (1) the challenged claim was without a colorable basis

and (2) the claim was brought in bad faith.  <u>Wolters Kluwer Fin. Servs., Inc. v. Scivantage</u>, 564 F.3d 110, 114 (2d Cir. 2009).  "[A] claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim."  <u>Schlaifer Nance & Co. v. Estate of Warhol</u>, 194 F.3d 323, 337 (2d Cir. 1999) (internal quotation marks omitted).

"We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion. Even under this deferential standard of review, however, this Court must be careful to ensure that any such decision to sanction a[n] . . . attorney is made with restraint and discretion."  <u>Wilson v. Citigroup, N.A.</u>, 702 F.3d 720, 723 (2d Cir. 2012) (per curiam) (internal citations and quotation marks omitted).  "Because the trial court imposing sanctions may act as accuser, fact finder and sentencing judge all in one, our review of such an order is more exacting than under the ordinary abuse-of-discretion standard."  <u>Enmon v. Prospect Capital Corp.</u>, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks, citations and alterations omitted).

"Bad faith can be inferred when the actions taken are so completely without merit."  <u>Schlaifer</u>, 194 F.3d at 338 (internal quotation marks omitted).  But Douglas' remarks in summation are not self-evidently improper, and the district court did not expressly link these remarks with other behaviors or other factors that might bear upon the issue of bad faith.  In short, the district court did not make the requisite "factual findings of bad faith . . . characterized by a high degree of specificity."  <u>Id.</u>  For that reason, the record is insufficient to support the requisite review.

For the foregoing reasons, we hereby **VACATE** and **REMAND** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK