15-893-cv
*Gottlieb v. Ford*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

Allen B. Gottlieb,

> *Plaintiff-Appellant*,

> v.                                                                                          15-893-cv

Catherine Ford, Individually, et al.,

> *Defendants-Appellees,*

Securities and Exchange Commission,

> *Defendant.*

_____


**FOR PLAINTIFF-APPELLANT:**          Allen B. Gottlieb, *pro se*, Aventura, FL.

**FOR DEFENDANTS-APPELLEES:**          No appearance.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED and REMANDED** in part.

Plaintiff-Appellant Allen Gottlieb ("Gottlieb"), a former attorney proceeding *pro se*, appeals a February 25, 2015 order of the United States District Court for the Southern District of New York (Preska, *C.J.*), dismissing *sua sponte* his amended complaint as frivolous; denying leave to submit and supplement a sixth amended complaint; denying his motion to transfer the action and for the district court judge's recusal; and imposing an injunction barring Gottlieb from submitting any further filings in the district court in this matter. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Dismissal and Denial of Leave to File and Supplement a Sixth Amended Complaint

District courts have the authority to dismiss an action *sua sponte*, even if the *pro se* litigant has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Although we have not decided whether a district court's *sua sponte* dismissal of a complaint pursuant to its inherent authority is reviewed *de novo* or for abuse of discretion, an independent review of the record and relevant case law reveals that the district court's grounds for dismissing Gottlieb's complaint "easily pass[] muster under . . . *de novo* review." *See id.* at 364 n.2. Accordingly, we affirm the dismissal of Gottlieb's complaint for the reasons stated in the district court's dismissal order.

We review denials of leave to amend a complaint for abuse of discretion. *Jin v. Metro. Life Ins. Co.,* 310 F.3d 84, 101 (2d Cir. 2002). Gottlieb's sixth amended complaint clearly sought to relitigate issues that have already been decided by the district court and affirmed by this Court.

2

His challenge to the refusal to add the district court judge as a defendant is meritless because his claims against her were based entirely on her rulings in prior actions. *See Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009) (a judge is protected by absolute judicial immunity for "acts arising out of, or related to, individual cases before the judge").

## II.     Transfer and Recusal Motion

Both a district court's refusal to transfer venue and the denial of a recusal motion are reviewed for abuse of discretion. *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012) (recusal); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006) (transfer). Here, the district court did not abuse its discretion by denying Gottlieb's transfer request because his arguments in favor of a transfer were based almost entirely on his allegations that the district court judge was prejudiced against him. And the district court judge did not abuse her discretion in denying recusal because Gottlieb's allegations of judicial bias were based entirely on her prior rulings or incidents that we have already rejected as grounds for bias. *See, e.g.*, *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."); *Gottlieb v. SEC*, 310 F. App'x 424, 425 (2d Cir. 2009) (summary order).

## III.    Filing Injunction

We "review a district court's decision to impose sanctions under its inherent powers for abuse of discretion." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012). We conclude that the district court's imposition of the filing injunction without providing Gottlieb notice and opportunity to be heard was not "within the range of permissible decisions." *See Wolters Kluwer*

3

*Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)). "The unequivocal rule in this circuit . . . [is] that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (first alteration in original) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)). The district court's order, and the record on appeal, do not reflect that Gottlieb was given such notice and opportunity. Although the district court had previously barred Gottlieb from submitting new filings in the related 1998 securities fraud litigation and 2005 Rule 60(b) proceeding, those filing bars were limited to the docket numbers in those matters. Gottlieb should have been given notice and the opportunity to challenge the new filing injunction or expansion of the previous injunction.

In addition, the filing injunction was excessive because it categorically barred Gottlieb from submitting any further filings in this matter without affording him the opportunity to request the district court's permission to submit additional filings. The general practice in imposing a filing bar is to bar the litigant from submitting further filings without first obtaining leave of the district court, so as to not "foreclose what might be a meritorious claim." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986); *cf. Abdullah v. Gatto*, 773 F.2d 487, 487-88 (2d Cir. 1985).

We have considered all of Gottlieb's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court in part, and **VACATE** and **REMAND** in part, as to the filing injunction.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4