17-564-cv
*Ranasinghe v. Kennell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand eighteen.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PREMALAL RANASINGHE,
                   *Plaintiff-Appellant,*

                   v.                                    17-564-cv

PATRICK M. KENNELL, GREAT WEST CASUALTY
COMPANY, KAUFMAN DOLOWICH & VOLUCK, LLP,
NELSON BROWN & CO., a/k/a NELSON BROWN
HAMILTON & KREKSTEIN, LLC, JOSEPH J.
POPOLIZIO, AND JONES, SKELTON & HOCHULI,
P.L.C.,
                   *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: PREMALAL RANASINGHE, Pro Se, Staten Island, New York.

FOR DEFENDANTS-APPELLEES PATRICK M. KENNELL, GREAT WEST CASUALTY CO., KAUFMAN DOLOWICH & VOLUCK, LLP, NELSON BROWN & CO. a/k/a NELSON BROWN HAMILTON & KREKSTEIN, LLC: PATRICK M. KENNELL, Kaufman Dolowich & Voluck, LLP, New York, New York.

FOR DEFENDANTS-APPELLEES JOSEPH J. POPOLIZIO AND JONES, SKELTON & HOCHULI, P.L.C.: JUSTIN M. VOGEL, Matthew W. Bauer, Justin M. Vogel, Connell Foley LLP, Newark, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Premalal Ranasinghe, proceeding *pro se*, appeals the district court's judgment, entered January 26, 2017, dismissing his third amended complaint (the "Complaint") and imposing a filing injunction. Ranasinghe sued defendant-appellee Great West Casualty Company, an insurance company, and a number of attorneys who had represented it in prior litigation. In an opinion and order filed on January 25, 2017, the district court dismissed his claims as duplicative of an action then pending in the United States Court of Appeals for the Ninth Circuit,

*Ranasinghe v. Great W. Cas. Co.*, 688 F. App'x. 468 (9th Cir. 2017) (*"Ranasinghe I"*), and as barred by res judicata and collateral estoppel. The District of Arizona granted summary judgment dismissing Ranasinghe's claims in January 2015 and awarded Great West attorneys' fees of $234,498.70 in March 2015. The Ninth Circuit appeal was pending when the district court ruled here, but on April 20, 2017, the Ninth Circuit affirmed. *Ranasinghe I*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a case as duplicative for abuse of discretion, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000), and review the district court's res judicata and collateral estoppel rulings de novo, *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (res judicata); *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 689 F.3d 263, 284 (2d Cir. 2012) (collateral estoppel).

Ranasinghe's claims are barred by collateral estoppel. Because *Ranasinghe I* was filed in the Arizona district court pursuant to diversity jurisdiction, the estoppel question is governed by Arizona law. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (when a federal court exercising diversity jurisdiction dismisses a case on the merits, the preclusive effect of its decision is determined by "the law that would be applied by the state courts in the State in which the federal diversity court sits"). Under Arizona law, collateral estoppel applies "when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the

party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment. " *Chaney Bldg. Co. v. City of Tucson*, 716 P.2d 28, 30 (Ariz. 1986).  Each of those elements has been met.

Ranasinghe's claims here are based on the same allegations that he litigated in *Ranasinghe I*: whether an application for attorney's fees was based on false time records, whether summary judgment evidence was fraudulent, and whether the defendants breached a contract with him.  Ranasinghe argues that he did not have the opportunity to litigate whether the summary judgment evidence was fraudulent in *Ranasinghe I* because part of his argument was based on an affidavit which was filed in support of the attorney's fees motion, and thus after the summary judgment motion had been decided.  Ranasinghe, however, appealed the fee award and raised the same argument he raised in this litigation in his appellate brief in the Ninth Circuit. Specifically, he argued that because the affidavit contradicted the summary judgment evidence, the defendants had committed fraud and summary judgment should be vacated.  Accordingly, Ranasinghe both had an opportunity to litigate, and did in fact litigate, each of the issues raised in his complaint.  *See id.* ("When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated. "); *Irby Constr. Co. v. Arizona Dep't of Revenue*, 907 P.2d 74, 77 (Ariz. Ct. App. 1995) (examining the parties' motion papers to determine

if issue was actually litigated).  Because Ranasinghe's claims were properly dismissed as barred by collateral estoppel, it is not necessary to consider the district court's res judicata ruling, or the court's dismissal of Ranasinghe's claims as duplicative.

Finally, we review the imposition of the filing injunction for abuse of discretion.  *See Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012).  The district court did not abuse its discretion here.  It considered the relevant factors, and Ranasinghe was given notice and an opportunity to be heard.  *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

We have considered all of Ranasinghe's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk