17-3848-cv
Williams v. New York Temporary Disability

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of November, two thousand eighteen.

PRESENT:
          JOHN M. WALKER, JR.,
          PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

CHARLES WILLIAMS, CHARLES OF THE FAMILY WILLIAMS,

                    *Plaintiff-Appellant*,

          v.                                                    17-3848-cv

BRONX COUNTY CHILD SUPPORT CUSTOMER SERVICE UNIT, AND ITS 45 CFR SEC302.34 CONTRACTED AGENTS, NANCY MANEY, IN HER OFFICIAL INDIVIDUAL CAPACITY AS DEPUTY COMMISSIONER OF OFFICE OF TEMPORARY DISABILITY ASSISTANCE (OTDA), EILEEN STACK, IN HER OFFICIAL INDIVIDUAL CAPACITY AS

ASSISTANT DEPUTY COMMISIONER OF
CHILD SUPPORT SERVICES (CSSU),

*Defendants-Appellees,*

NEW YORK OFFICE OF TEMPORARY
DISABILITY ASSISTANCE, ANTHONY
LOPEZ, SUPPORT MAGISTRATE,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:                    Charles Williams, pro se, Bronx, NY.

FOR DEFENDANTS-APPELLEES:                    No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Charles Williams, proceeding pro se, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint and its denial of his motion for leave to amend. That complaint challenged the enforcement of his state child support order by the Bronx County Child Support Customer Service Unit and its representatives. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

District courts have the authority to dismiss an action *sua sponte*, even if the pro se litigant has paid the filing fee, if the complaint is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). Pro se submissions are reviewed with "special solicitude" and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted). Nonetheless, a pro se litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although we have not decided whether a district court's *sua sponte* dismissal of a complaint pursuant to its inherent authority is reviewed *de novo* or for abuse of discretion, *see Gottlieb v. Ford*, 633 F. App'x 38, 39 (2d Cir. 2016) (summary order), an independent review of the record and relevant case law reveals that the district court's grounds for dismissing Williams's complaint "easily pass[ ] muster under . . . *de novo* review." *Fitzgerald*, 221 F.3d at 364 n.2 Accordingly, we affirm the dismissal of Williams's complaint for the following reasons.

"To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (internal quotation marks omitted). A municipality is liable under § 1983 only if the municipality itself is "actually responsible" for the deprivation of a federal right. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). To establish municipal liability, a plaintiff must establish "that 'action pursuant to official municipal policy' caused [his] injury." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (quoting *Monell*, 436 U.S. at 691).

Furthermore, to state a § 1983 claim for denial of procedural due process, "a plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process." *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998). If a random and unauthorized state action deprives a person of a protected interest, the State satisfies procedural due process requirements if it provides a meaningful post-deprivation remedy. *See Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006).

Even if we assume that Williams was deprived of a property interest when the Bronx County Child Support Enforcement Unit and its agents enforced Williams's child support order, Williams has failed to state a procedural due process claim. Williams alleges that this enforcement was accomplished in an "improper and unlawful manner." Appellant's Br. at 5. The State satisfied procedural due process requirements if it provided a meaningful post-deprivation remedy. *See Rivera-Powell*, 470 F.3d at 465. Williams alleged no facts in his amended complaint to indicate such state procedures were unavailable or inadequate. *See* ROA doc. 4 (Am. Compl.). On appeal, Williams argues that no adequate post-deprivation remedy existed because prior hearings were part of "a systemic fraud." Appellant's Br. at 17. Even if these allegations had appeared in his complaint, they are too vague and conclusory to state a claim for relief. *Twombly*, 550 U.S. at 570.

Moreover, even if these allegations reflected a deprivation of Williams's rights, Williams has not alleged that there is an official municipal policy to deny access

3

to adequate post-deprivation procedures, nor did he allege facts from which an inference could plausibly be drawn that such a policy existed. *See Connick*, 563 U.S. at 60. Accordingly, the district court properly found that Williams failed to state a § 1983 claim.[1]

Williams also challenges the district court's denial of his motion for leave to amend. We review denials of leave to amend for abuse of discretion, unless the denial is "based on an interpretation of law, such as futility, in which case our review is *de novo*." *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018) (internal quotation marks omitted). A district court should not dismiss a pro se complaint without granting at least one opportunity to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated," but is under no obligation to do so if it determines the amendments would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here the district court granted Williams one opportunity to amend, and the district court correctly determined that further amendment would have been futile because Williams had already once failed to cure the defects that the district court identified in the initial complaint, and the amended complaint gave no "indication that a valid claim might be stated." *Id.* (internal quotation marks omitted).

We have considered all of Williams's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Williams's arguments on appeal concerning the *Rooker-Feldman* doctrine, subject matter jurisdiction, and other matters are unavailing.