[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13390
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cv-81660-DMM

DEONDRA MILLER,
individually, and
on behalf of all other similarly situated consumers,

                                              Plaintiff - Appellant,

versus

MIDLAND CREDIT MANAGEMENT, INC.,

                                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 17, 2021)

Before LAGOA, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Attorneys Daniel Zemel and Brian Giles appeal from the district court's order

imposing sanctions on them, arising out of their representation of plaintiff Deondra

Miller in the district court.  On appeal, the attorneys argue that the district court abused its discretion in sanctioning them: (1) by not providing sufficient notice before issuing sanctions; (2) by basing its decision on insufficient evidence and failing to make a finding of bad faith; and (3) by ignoring evidence the attorneys presented in denying their motion for reconsideration.  After careful review, we vacate and remand the order imposing sanctions.

The relevant procedural background is this.  In 2019, Deondra Miller filed a class action complaint against Midland Credit Management, Inc. ("Midland"), asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  Pursuant to a pretrial scheduling order referring the case to mediation, the mediation should have been conducted by June 4, 2020.  Because that deadline had passed and the record did not reflect that a mediation had occurred, the district court directed the parties to file a status report.

On June 12, 2020, the parties filed a status report explaining that they had scheduled a mediation for June 16, 2020.  In a subsequent order, the district court noted that the parties did not "address why despite their diligence, [they] have been unable to mediate by the mediation deadline."  But the court entered a "limited" extension of the mediation deadline to June 16 and ordered the parties to file a mediation report by the next day.  The court also instructed the parties to explain any further requests to extend the mediation deadline.

2

On June 16, the mediator filed a report explaining that while Miller's attorneys had appeared, she did not, so the mediation could not proceed. The next day, Midland filed a status report and requested that the district court enter sanctions against Miller for her failure to appear. Attorney Zemel also filed a status report that day, noting that he did not know why Miller did not appear at the mediation. He said that the last communication his office had had with Miller was on June 14, when Miller confirmed that she would be attending the mediation, and that despite his attempts to reach her, he had not heard back from her.

On June 19, the district court entered an order to show cause why Miller failed to appear at the mediation. In it, the court also ordered Miller's counsel to "address whether they have regained contact with their client," noting that "[r]epresentation requires communication." The court explained that while its order "may seem harsh in isolation," there were many other examples of Miller's "lack of diligence" in prosecuting the case. On June 22, Miller responded to the order to show cause, noting that counsel had regained contact with her. She explained that she did not attend the mediation because she was relieved of duty from work three hours late, and could not access her phone to inform her attorneys of this unexpected issue.

On June 25, 2020, the district court imposed sanctions on Miller and her attorneys. After discussing the reasons for the imposition of sanctions against Miller (who does not join in this appeal), the district court said:

3

[H]ad I not entered the Order to Show Cause . . . there is no indication that [Miller] or her counsel would have made known to the Court the circumstances surrounding her failure to appear. Counsel should have made a prompt and reasonable investigation into [Miller's] failure to appear and immediately informed the Court of the reasoning for the same. Counsel did not. This led to my entry of the Order to Show Cause and it was only then that Counsel investigated and discovered the circumstances surrounding [Miller's] failure to appear.

The parties settled the lawsuit. However, Zemel and Giles requested the court to reconsider its sanctions order. The motion detailed counsel's efforts to reach Miller from June 16 to June 22, 2020. The court denied the motion, finding that "[c]ounsel [did] not provide any new argument or evidence that would justify granting the requested relief." This timely appeal followed.

We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1237–38 (11th Cir. 2007). That standard requires us to affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard. Id. at 1238. "A decision that is contrary to the law plainly is an abuse of discretion." Id.

"A court may impose sanctions for litigation misconduct under its inherent power." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009). The inherent power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quotations omitted). However, this power

4

"must be exercised with restraint and discretion." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). Thus, when a district court is imposing sanctions under its inherent power, it must "comply with the mandates of due process." Chambers, 501 U.S. at 50. In this context, "[d]ue process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. Notice can come from the party seeking sanctions, from the court, or from both." In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) (citation omitted). The court is also required to give the attorneys "an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify [their] actions." Id. at 1575–76.

Here, the record indicates that the district court did not provide attorneys Zemel and Giles with fair notice that it was considering imposing sanctions against them for their client's failure to appear at the mediation. For starters, the pretrial scheduling order referring the case to mediation warned that "[t]he Court may impose sanctions against parties or counsel who do not comply with" mediation requirements. But Miller's attorneys attended the mediation; only Miller herself did not. Then, after Miller did not attend the scheduled mediation, Midland requested the court to sanction Miller for her failure to appear. The motion notably did not mention sanctions against Miller's attorneys.

Nor did the district court's subsequent order to show cause constitute fair notice of possible sanctions against the attorneys. The order directed Miller to show

5

cause why <u>she</u> failed to appear at the mediation, but only ordered counsel to "address whether they have regained contact with their client." The only other comments specifically directed at counsel noted that: "Representation requires communication. Plaintiff's counsel cannot continue to represent Plaintiff if she has abandoned their representation and more generally this lawsuit." The order concluded by again directing counsel only to "indicate on the record whether they have regained contact with their client." There is simply no support for Midland's argument that these few sentences put Miller's attorneys on notice about the possibility of sanctions against them, nor that the order's general discussion of Miller's lack of diligence throughout the litigation did so either.

Indeed, in Miller's response to the show-cause order, her lawyer Zemel said that he "has regained contact with his client," but did not address any potential sanctions against the attorneys themselves. The response instead focused on why Miller did not attend the mediation, and asked the district court to decline to impose sanctions on Miller alone.

Thus, reading the record as a whole, it appears that the parties believed that the district court was considering imposing sanctions against Miller, but not against her counsel. As a result, we do not think that Zemel and Giles were given a meaningful opportunity to respond to that possibility. See <u>United States v. Shaygan</u>, 652 F.3d 1297, 1318 (11th Cir. 2011) ("The district court conducted an inquiry, not

6

an adversarial hearing, and both [attorneys] were denied a meaningful opportunity to be heard in that proceeding."). "We express no view about whether the district court should conduct further proceedings" -- and readily acknowledge that it was within the district court's purview to consider sanctions against counsel in this context -- "but if the district court decides again to consider sanctions against [Zemel and Giles], it must, of course, afford them due process." Id. at 1319. As we see it, the district court has not yet done so.

Moreover, if a district court decides to impose sanctions, a finding of bad faith is required. See Chambers, 501 U.S. at 49 (recognizing that "invocation of [sanctions under] the inherent power would require a finding of bad faith"); see also Wilson v. Citigroup, N.A., 702 F.3d 720, 724 (2d Cir. 2012) ("Our case law is clear that a district court may not impose attorney's fees as a sanction without first making an explicit finding that the sanctioned party . . . acted in bad faith in engaging in the sanctionable conduct."); Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) ("Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" (quoting Roadway Exp., 447 U.S. at 767)). A finding of bad faith is warranted where a party delays or disrupts the litigation. Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).

Here, when addressing the attorneys in the sanctions order, the district court said only that they "should have made a prompt and reasonable investigation into [Miller's] failure to appear and immediately informed the Court of the reasoning for the same." Importantly, however, the court did not make the requisite finding of bad faith before imposing the sanctions. See Roadway Exp., 447 U.S. at 767 ("[T]he trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers."). Nor did the district court mention bad faith or cite the bad-faith standard from the Supreme Court or our Court. Cf. Metz v. Unizan Bank, 655 F.3d 485, 490 (6th Cir. 2011). We recognize that the court mentioned in the show-cause order that the plaintiff had been "far from diligent in this litigation," perhaps attributing Miller's delays to her attorneys. But neither the show-cause order nor the sanctions order squarely placed the blame for these delays on the attorneys nor did they tie them to a finding of bad faith. It's also worth noting that, as best we can tell, counsel did inform the district court the day after Miller failed to attend the mediation that she had not appeared; that counsel did not know why Miller had not appeared; and that counsel had been unable to reach her despite several attempts to inquire why.

On this record, "we cannot glean . . . whether [the district court's] outrage [at Miller's attorneys] stemmed from a belief that [the] attorneys acted in bad faith, or

whether it was due to a belief that they acted negligently or without due diligence."
Mroz, 65 F.3d at 1576; see also Primus, 115 F.3d at 649.  It may be that the district court's imposition of sanctions was based on a finding of bad faith and was supported by the record.  At this time, however, we cannot make this determination.

Accordingly, we vacate the court's order imposing sanctions and remand.[1]

**VACATED AND REMANDED.**

---

[1] Because we resolve the case on this ground, we need not address Zemel and Giles's argument about the motion for reconsideration.