23-1015-cv
John Doe 1 v. East Side Club, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

DEREK SMITH LAW GROUP,
PLLC, JOHNMACK COHEN,

    *Appellants*,

JOHN DOE 1,

    *Plaintiff-Counter-Defendant*,

    v.

No. 23-1015-cv

EAST SIDE CLUB, LLC, JOHN DOE 2,
JOHN DOE 3,

    *Defendants-Counter-Claimants-Appellees*.

------------------------------------------------------------------

FOR APPELLANTS:                     JOHNMACK COHEN, Derek
                                    Smith Law Group, PLLC, New
                                    York, NY

FOR APPELLEES:                      THOMAS D. SHANAHAN,
                                    Thomas D. Shanahan, P.C.,
                                    New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellants Derek Smith Law Group and Johnmack Cohen, an attorney of that firm, appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*) sanctioning them for engaging in bad faith misconduct in connection with this litigation.  On appeal, the Appellants principally argue that the District Court erred in imposing sanctions and that its award of attorney's fees was excessive.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.[1]

---

[1] This case was heard in tandem with *Cooper v. Upstairs, Downstairs of New York, Inc.*, No. 21-1032-cv.

### I.    Sanctions

We review a district court's decision to impose sanctions for abuse of discretion.  *Va. Props., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 113 (2d Cir. 2017). "Imposition of sanctions under a court's inherent powers [or 28 U.S.C. § 1927] requires a specific finding that an attorney [or law firm] acted in bad faith" and is "appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes."  *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *see Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2d Cir. 2012). "Conduct is entirely without color when it lacks any legal or factual basis." *Wolters Kluwer*, 564 F.3d at 114.

Here, the Appellants argue that the District Court's finding that they engaged in bad faith misconduct is clearly erroneous, and that the District Court therefore abused its discretion when it sanctioned the Appellants pursuant to § 1927 and its inherent powers.  We disagree.  As the District Court noted, the Appellants' tenth motion *in limine*, dated January 13, 2020, seriously misrepresented the nature of a concurrent action (the "Bronx Action") that the plaintiff, John Doe 1, had commenced in New York State Supreme Court.  The

3

Appellants informed the District Court that the Bronx Action was merely a "fee dispute between Plaintiff and his attorney in another case" and asserted that any evidence related to it was "irrelevant" to the issues at trial in this case and would "mislead the jury. . . and [thus] serve no legitimate purpose." Joint App'x 73. In fact, however, John Doe 1 "simultaneously . . . sought to recover for *the same purported emotional distress*" in the Bronx Action and in this case. *Doe 1 v. E. Side Club, LLC.*, No. 18 CIV. 11324 (KPF), 2021 WL 2709346, at *21 (S.D.N.Y. July 1, 2021). Thus, as the District Court noted, "the Bronx Action was directly relevant to — if not dispositive of — the emotional distress damages sought in this case." *Id.* at *23. The Appellants thereafter continued to misrepresent the nature of the Bronx Action before the District Court. Indeed, once the facts of the Bronx Action came to light, the Appellants advised John Doe to voluntarily withdraw his emotional distress claim, which he agreed to do.

The District Court therefore had a strong basis to find that the Appellants "proactively made material misrepresentations in [their tenth] motion *in limine* to gain a strategic advantage [(*i.e.*, for an improper purpose)]," *id.*, and thus engaged in bad faith misconduct. *See Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) ("Bad faith can be inferred when the actions taken are

4

so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." (quotations marks omitted)). We therefore conclude that the District Court acted within its discretion when it sanctioned the Appellants for the period from January 13, 2020 through the issuance of its sanctions opinion.

## II. Due Process

Due process requires that before a court imposes sanctions on a party, that party "must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 725 (2d Cir. 2012) (quotation marks omitted). The Appellants claim that the District Court failed to give them specific notice that their motion *in limine* was sanctionable. But the record shows that the District Court gave them both specific notice and an opportunity to be heard. The Appellees' sanctions motion specifically argued that the Appellants' misrepresentations regarding the Bronx Action constituted sanctionable conduct. Moreover, after the Appellants submitted their brief opposing the Appellees' sanctions motion, the District Court held several

5

conferences on the matter and allowed the Appellants to submit supplemental letters regarding the sanctions motion.

We therefore reject the Appellants' due process argument.

### III. Attorney's Fees

Lastly, the Appellants challenge the District Court's award of attorney's fees as excessive. "Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "Attorney's fees must be reasonable in terms of the circumstances of the particular case, and the district court's determination will be reversed on appeal only for an abuse of discretion." *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (quotation marks omitted). Here, the District Court awarded $81,439.34 in attorney's fees and $1,123 in costs from January 13, 2020 through the issuance of its sanctions opinion. Before calculating these amounts, the District Court considered, among other things, the Appellees' counsel's experience and expertise, the hourly rates charged in similar cases, and the number of hours spent on the litigation. *See Doe 1 v. E. Side Club, LLC.*, No. 18 CV. 11324 (KPF), 2023 WL 4174141, at *5–10 (S.D.N.Y. June 23, 2023). Taking

6

these issues into consideration, the District Court substantially reduced the total attorney's fees awarded from the amount that the Appellees sought. *See id.* at *8–10. We find no abuse of discretion in the District Court's decision.

## CONCLUSION

We have considered the Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court